IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEAH C. IBALE<br><br>               Plaintiffs,<br><br>  vs.<br><br>SAFEWAY, INC.,<br>               Defendant. | Case No. 3:08-cv-00208-TMB<br><br><br><br>**O R D E R**<br>**OF SUMMARY JUDGMENT** |

## I. INTRODUCTION

At Docket No. 42, Defendant Safeway, Inc. moved for summary judgment against Plaintiff Leah C. Ibale. Safeway requests a ruling from this Court that Ibale's claims are without merit either factually or legally. In response, Ibale concedes that her claims for equal pay, breach of contract and violation of good faith and fair dealing are meritless, but argues that her claim of discrimination under Title VII of the Civil Rights Act is still viable.[1] The motion has been fully briefed and is ripe for decision. For the reasons outlined below, Safeway's Motion is **GRANTED.**

---

[1] Ibale's response does not mention in any way her claims for age or disability discrimination, nor her claim for intentional infliction of emotional distress.

ORDER OF SUMMARY JUDGMENT - 1
3:08-CV-0208-TMB

## II. BACKGROUND

Ibale is a 52-year-old female of Filipino descent. Ibale was hired by the Safeway store in Ketchikan, Alaska as a food clerk in 2000.[2] Ibale became a sushi chef in the Seafood Department in 2006.[3] Ibale was then promoted to "Acting Seafood Manager" by John Feeney, the store manager at that time.[4]

Under company policy, Ibale was required to pass the "Food Safety II (Certified Food Safety Manager)" exam in order to be promoted from Acting Seafood Manager to Seafood Manger, with an associated pay increase.[5] Ibale took and failed the test on November 28, 2006 and March 1, 2007.[6] Ibale did have a lower certification for food handling, the "Food Safety I" or "ServSafe" certification.[7] Ibale claims that she was told by Feeney at first that only the ServSafe certification was required for her to be

---

[2] Dkt. 43 at 2.

[3] Id.

[4] Id.

[5] Dkt. 43 at 3-4.

[6] Dkt. 43 at 4.

[7] Id.

promoted to Seafood Manager, but that she was later told that she need to pass the Food Safety II test as well.[8]

Ibale was warned repeatedly by her superiors that she needed to improve her dependability with regard to her work schedule. Her appraisal dated December 19 2003 stated that she needed to improve on working her scheduled hours.[9] Her performance evaluations dated October 28, 2004 and November 30, 2005 said the same.[10]

In June 2007, Ibale took a second job with the Alaska Marine Ferry System. Safeway employees are permitted to work second jobs, so long as the second job does not interfere with their job duties at Safeway. Safeway's procedure and policy handbook states that "Personal Business" is considered an unexcused absence, unless previously approved by a manager. Personal Business includes an employee working other jobs.[11] Safeway's policy also states that an employee who has more than three days of unexcused absences may be terminated for job abandonment.[12] In Ibale's case, her Safeway schedule and the ferry schedule were in conflict, and she was told

---

[8] Dkt. 47 at 4.

[9] Dkt. 43 at 2.

[10] Id.

[11] Dkt 36 at 3.

[12] Id.

ORDER OF SUMMARY JUDGMENT - 3
3:08-CV-0208-TMB

by store manager Sherrie Yunker that she would have to choose between her job at Safeway and the job with the Alaska Marine Highway.[13]

On Thursday, June 14, 2007, Ibale, as the Acting Seafood Manager, scheduled herself to work the following week, June 17-23, 2007.[14] The Seafood Department was scheduled to do inventory that week.[15] Late Friday evening, June 15, Ibale learned that she would be dispatched the next day to work on the Alaska Marine Ferry System for the following week.[16]

Ibale showed up for work on Saturday, June 16, at 5:00 a.m. and stayed for ninety minutes.[17] She left a note in the Yunker's mail box indicating that she was taking leave to work on the ferry.[18] Ibale knew the next day was the Yunker's day off and that she would not receive the note until Monday.[19] Ibale did not request approval of her leave from either the store manager or acting store

---

[13] Dkt. 43 at 5.

[14] Id.

[15] Id.

[16] Dkt. 47 at 5.

[17] Dkt. 43 at 5.

[18] Dkt. 43 at 5-6.

[19] Dkt. 43 at 6.

manager. Having failed to give notice that she would not be at work during the week of June 17-23, 2007, she was never given approval for her absences. On June 22, 2007, Safeway terminated Ibale for "job abandonment."[20]

Ibale brought this suit alleging the following causes of action against Safeway: 1) race discrimination in violation of Title VII; 2) age discrimination in violation of 29 U.S.C. § 623; 3) discrimination under the Americans with Disabilities Act, 42 U.S.C.A. § 12101 ; 3) violation of the Equal Pay Act, 29 USC § 206(d), et seq.; 4) intentional infliction of emotional distress; 5) breach of contract and the duty of good faith and fair dealing.[21]

### III.  LEGAL STANDARD

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[22] The moving party bears the initial burden of proof as to each material fact upon which it has the burden of persuasion at trial.[23]  This requires the moving

---

[20] Id.

[21] Dkt. 22.

[22] Fed. R. Civ. P. 56 (c).

[23] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

party to establish, beyond controversy, every essential element of its claim or defense.[24] "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the same evidence were to be uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."[25]

Once the moving party has met its burden, the nonmoving party must demonstrate that a genuine issue of material fact exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[26] The court must view this evidence in the light most favorable to the nonmoving party, must not assess its credibility, and must draw all justifiable inferences from it in favor of the nonmoving party.[27]

---

[24] *S. Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

[25] *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[27] *Id.* at 225; *Soldano v. United States*, 453 F.3d 1140, 1143 (9th Cir. 2006).

## IV.  DISCUSSION

Since Ibale concedes that there is no merit to her wage claims and her claims for breach of contract and the duty of good faith and fair dealing, the only question left for the Court to resolve is whether she can make a prima facie case for race, age, or disability discrimination.. Plaintiffs who seek to make a prima case for discrimination in employment must show that "(1) they belonged to a protected class; (2) they were qualified for their jobs; (3) they were subjected to an adverse employment action; and (4) similarly situated employees not in their protected class received more favorable treatment."[28] Once a plaintiff makes a prima facie case for discrimination, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision.[29] Then, in order to prevail, the plaintiff must show that the employer's alleged reason for the adverse employment decision is a pretext for a discriminatory motive.[30]

Ibale's discrimination claims must fail because she admits that she was never discriminated against on the basis of age, race

---

[28] *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).

[29] *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994) (citing *Lowe v. City of Monrovia*, 775 F.2d 998, 1005 (9th Cir.1985)).

[30] *Id.*

or disability. In her response to Safeway's Request for Admission No. 18, she admitted that "no employment decision, with respect to the terms and conditions of your employment at Safeway, was made because of your age."[31] She likewise admitted that no decision was ever made on the basis of her race, or "because of any physical or mental disability."[32] More specifically, she admits that the decision to terminate her was not due to her age, race, or any disability.[33] Given these admissions, it is impossible for her to make a claim for discrimination under Title VII, the ADA, or 29 U.S.C. § 623.

In her response to Safeway's motion, Ibale cites only two facts to support her discrimination claims. First, she asserts that she was told she could be the Seafood Manager with only a Food Safety I certification.[34] Even if this were true, it would relate to her wage or breach of contract claims, and has nothing to do with discrimination.

Second, Ibale claims that her use of a note to inform the manager that she would be gone for the following week was a

---

[31] Dkt. 42, Ex. 5 at 6.

[32] Dkt. 42, Ex. 5 at 6-7.

[33] Dkt. 42, Ex. 5 at 6.

[34] Dkt. 47 at 4-5.

"procedure followed by many Safeway employees[.]"[35] Leaving aside the improbability that a grocery store could function with several of its employees leaving for days at a time on a moment's notice without prior approval, this assertion is irrelevant because Ibale has already admitted that her termination had nothing to do with her race, age or disability. Therefore, the alleged unfairness of her termination cannot support her discrimination claims. Moreover, Safeway has put forward a legitimate, non-discriminatory reason for terminating her, which she has not shown to be pretext. Therefore, all of her discrimination claims must fail.

Finally, Ibale has failed even to respond to Safeway's motion with regard to her claim for intentional infliction of emotional distress. Suffice it to say that none of the facts alleged by Ibale can support this claim. Dismissal of the emotional distress claim is therefore warranted.

## V. CONCLUSION

Summary Judgment on Ibale's age, contract, and good faith claims is warranted because she has conceded that they are without merit. Her claims for discrimination must be dismissed because she has admitted that Safeway never took any action against her on the basis of race, age, or disability. Her claim for intentional

---

[35] Dkt. 47 at 5.

infliction of emotional distress must fail because she has alleged no facts which would support such a claim. For the foregoing reasons, the Court **GRANTS** Safeway's Motion for Summary Judgment at **Docket No. 42.**

ENTERED this 3rd day of September, 2010.

S/TIMOTHY BURGESS
UNITED STATES DISTRICT JUDGE